# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____ )
                                          )
DAVID KISSI,                              )
                                          )
                    Plaintiff,            )
                                          )
       v.                                 )          Civil Action No. 08-1796 (RBW)
                                          )
EMC MORTGAGE CORPORATION, *et al.*,       )
                                          )
                    Defendants.           )
_____ )

## MEMORANDUM OPINION AND ORDER

This Court found that the doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) applied to this case and dismissed all of the plaintiff's claims. *See Kissi v. EMC Mortgage Corp.*, 627 F. Supp. 2d 27, 33-34 (D.D.C. 2009). The plaintiff appealed the decision to the District of Columbia Circuit. While the appeal was pending, the Maryland Court of Special Appeals vacated in part the judgment of the Circuit Court for Prince George's County, Maryland ("P.G. Circuit Court" or "Circuit Court"), on which this Court's dismissal was based. The District of Columbia Circuit remanded the case with instruction that this Court, "in light of the Maryland Court of Special Appeals' decision in *Kissi v. EMC Mortgage Corp. of Texas* (Md. Ct. Spec. App. No. 499, Aug. 13, 2009), . . . consider anew whether the claims in [the plaintiff's] complaint are precluded . . ., and if so, to what extent." *Kissi v. EMC Mortgage Corp.*, 402 F. App'x 532 (D.C. Cir. 2010) (per curiam).

Pursuant to the Court's September 27, 2011 Order, the parties have had an opportunity to address whether the plaintiff's claims remain  precluded by res judicata and collateral estoppel, and the Court now considers those questions.

1

## I. BACKGROUND

### A. Foreclosure Case No. CAE-05-15718

Edith Truvillon ("Truvillon") obtained a mortgage in the amount of $210,000 from Wells Fargo Bank, N.A., for real property located at 4303 Ammendale Road, Beltsville, Maryland ("Ammendale Road property"), and on August 16, 2004, she executed an Adjustable Rate Note. *See* Memorandum in Support of EMC Mortgage Corporation and David Panzer's Joint Motion to Dismiss [Dkt. #3], Ex. 1 (Declaration of David S. Panzer), Ex. A ("Record Extract") at E 113-116 (Deed of Trust Note).[1] On that same date, Truvillon and the plaintiff ("Kissi") executed a Deed of Trust, *see* Record Extract at E 25-43 (Deed of Trust dated August 16, 2004), securing the Note. The Deed of Trust allowed for the substitution of trustees, Record Extract at E 41 ¶ 24, and required, in the event of foreclosure, that Kissi and Truvillon compensate the trustees for litigation expenses, *id.* at E 37 ¶ 14. Wells Fargo apparently assigned the Deed of Trust and Note to EMC Mortgage Corporation ("EMC"), and defendant Joseph V. Buonassissi ("Buonassissi") was appointed one of five substitute trustees, *id.* at E 56 (Deed of Appointment of Substitute Trustees dated July 20, 2005).[2]

Truvillion defaulted on her payments, and on July 26, 2005, she entered into a Foreclosure Forbearance Agreement with EMC, *id.* at E 261-66 (EMC's Opposition to Counter-Plaintiffs' Motion for New Trial, Ex. 4 (Foreclosure Forbearance Agreement)), pursuant to

---

[1] Exhibit A (hereinafter "Record Extract") submitted with the declaration of David S. Panzer "is a true and accurate copy of the Record Extract prepared by counsel for David Kissi, in the Foreclosure Appeal, challenging the decisions of the Prince George's County P.G. Circuit Court in the Foreclosure Case." *Id.* ¶ 5.

[2] The other substitute trustees were Richard E. Henning, Jr., Richard A. Lash, Mary Snyder Barry and Keith M. Yacko. E 56 (Deed of Appointment of Substitute Trustees).

which, she was required to pay the lender's attorney's fees and costs in the event of foreclosure. *See id.* at E 264-65. Again Truvillon defaulted, and as of July 20, 2005, she owed a total of $226,320.00 on the Note. *See id.* at E 89 (Statement Under Oath as to Mortgage Debt and Military Affidavit) ¶¶ 5-6. The substitute trustees, represented by the law firm Buonassissi, Henning & Lash, P.C., initiated foreclosure proceedings ("foreclosure case") in the P.G. Circuit Court. *See id.* at E 23-90 (Order to Docket dated July 27, 2005, with attachments). Defendant David Panzer ("Panzer") represented EMC both in foreclosure case in the P.G. Circuit Court and on appeal ("foreclosure appeal") of the P.G. Circuit Court's decision to the Maryland Court of Special Appeals.

On March 24, 2006, the day of the foreclosure sale, Kissi and Truvillon filed in the P.G. Circuit Court a document titled "Objections to the Foreclosure Sale on 3/24/06 of 4303 Ammendale Rd., Beltsville, MD 20705 Combined With A Tort Complaint Seeking $100 Million for Fraud and Misrepresentation Against Joseph V. Buonassissi, II Personally and Against EMC Mortgage of Texas Re: Mortgage Loan # 0003236643." *Id.* at E 91-92. Buonassissi and EMC allegedly "owed [Kissi and Truvillon] a duty . . . to have provided [them] with each monthly mortgage and principal and interest payment going back to the first payment . . . made in 1999," *id.* at E 91, and proceeded to foreclosure without providing them adequate notice of the foreclosure sale, *id.* at E 92. Accusing Buonassissi and EMC of "negligent misrepresentation and fraud . . . for attempting to steal [their] property . . . through an illegal foreclosure sale," *id.* at E 91, Kissi and Truvillon "in a counterclaim" demanded "a $100 million judgment" against both defendants "not only for . . . bad faith, . . . but also for their misrepresentation and fraud and for the unjustified emotional distress that they have intentionally brought upon [Kissi and Truvillon] in pursuit of unjust enrichment." *Id.* at E 92. Lastly, Kissi and Truvillon expressly

3

sought a ruling to "make the foreclosure sale defective and the sale . . . cancelled." *Id.* The foreclosure sale took place as scheduled, and the P.G. Circuit Court deemed Kissi's and Truvillon's objections moot. *Id.* at E 94 (Memorandum of Court dated March 28, 2006). However, insofar as the March 24, 2006 filing "appear[ed] to contain therein allegations of fraud and 'negligent misrepresentation,' and . . . request[ed] a jury trial," *id.*, the P.G. Circuit Court treated it as an unserved countercomplaint to which Buonassissi and EMC were directed to respond.[3] *See generally id.* at E 94-95.

On or about April 17, 2006, Kissi and Truvillon filed a "Post Sale Objection To The Foreclosure Sale of 4303 Ammendale Rd., Beltsville, MD 20705 On The Grounds Of Fraud Pursuant To 37 CJA § 59. See p. 4,"[4] *id.* at E 96, and "[o]n April 26, 2006, [] Kissi filed a document captioned 'Affidavit Disputing the Mortgage Notes In Controversy at 4303 Ammendale Rd., Beltsville, MD.'"[5] EMC Defendants' Brief Regarding *Res Judicata* and Collateral Estoppel Issues ("EMC Brief") [Dkt. #89], Declaration of Davis S. Panzer, Ex. A (Opinion, *Kissi v. EMC Mortgage Corp. of Texas*, No. 499 (Md. Ct. Spec. App. Aug. 13, 2009)) (hereinafter "Opinion") at 4. The P.G. Circuit Court treated the latter document as exceptions to

---

[3]     Kissi and Truvillon also filed a Post Sale Objection to the Foreclosure Sale of Ammendale Rd., Beltsville, MD 20705 on the Grounds of Fraud, Record Extract at E 96-97, with Truvillon's Affidavit in Support of Our Objection to the Improper Sale of 4303 Ammendale Rd. Beltsville, MD 20705. *Id.* at E 98.

[4]     Generally, Kissi argued that EMC and Buonassissi failed to provide "proof of debt to show each individual monthly mortgage payment . . . which [he and Truvillon] believed would have shown that the principal and interest [owed to EMC was] smaller when adjusted for all . . . payments [compared to what] EMC [was then] claiming." Record Extract at 96.

[5]     The record of this case does not include a copy of Kissi's "Affidavit Disputing the Mortgage Notes In Controversy at 4303 Ammendale Rd., Beltsville, MD," and this Court cannot determine precisely the content of Kissi's exceptions to the foreclosure sale.

4

the foreclosure sale, Opinion at 4, and set a hearing on the exceptions on July 10, 2006, Record Extract at E 3 (Docket Entry dated May 8, 2006).  On or about May 28, 2006, Kissi and Truvillon filed another document titled "Second Affidavit on Objection to the Foreclosure Sale of 4303 Ammendale Rd., Beltsville, MD 20705 And A Motion To Sanction Plaintiffs For $100 Million For Bad Faith."  Record Extract at E 183-84 ("Motion for Sanctions").  The substitute trustees and EMC jointly filed "Plaintiff[s'] Response to Objection to the Foreclosure Sale, Response to the Notice of Opposition of Ratification of Sale and Motion to Dismiss Complaint" on or about May 19, 2006.  *See id.* at E 4 (Docket Entry dated 05-23-2006); *see also id.* at E 142-187 (with attachments).  Kissi and Truvillon claimed not to have received adequate advance notice of the foreclosure sale, notwithstanding the trustees' showing that they sent a total of 20 letters by regular mail or certified mail (acceptance of which Kissi and Truvillon refused), *see id.* at E 142-43, and that Truvillon responded with a letter showing that she had knowledge of the date of the foreclosure sale, *see id.* at E 143.  Additionally, the substitute trustees and EMC argued that Kissi's and Truvillon's filings either misstated or failed to comply with Maryland rules by erroneously asserting that the substitute trustees were required to produce a mortgage payment history.  *Id.* at E 144.  Further, they argued that Truvillon's and Kissi's filing neither stated with particularity the bases for their exceptions to the foreclosure sale, *id.*, nor adequately alleged claims of fraud, unjust enrichment, or negligent misrepresentation with respect to the foreclosure sale.  *See id.* at E 144-46.

The P.G. Circuit Court held a hearing on July 14, 2006, *id.* at E 268-73 (excerpt of Transcript ("Tr.")), and after having "read and considered the exceptions[,] denied and overruled" them, *id.* at E 273 (Tr. at 15:8-9).  In addition, the Circuit Court ratified the foreclosure sale and referred the matter to an auditor in accordance with Maryland rules.  *See id.*

5

at E 6 (Docket Entry dated July 14, 2006).  The P.G. Circuit Court expressly allowed for the award of attorney's fees to Buonassissi and EMC, the amount to be determined by the auditor.[6] Opinion at 5.

On July 20, 2006, Kissi and Truvillon, by counsel, filed "Defendants' Motion for New Trial And/Or Motion to Alter or Amend Judgment or, Alternatively, Motion to Revise Judgment," *see* Record Extract at E 230-34, arguing, among other things, that they were entitled to an evidentiary hearing on their objections to the foreclosure sale, *id.* at E 230, and were denied an opportunity at the July 10, 2006 hearing to argue the bases of their objections to the foreclosure sale, *id.* at E 231.  EMC and Buonassissi filed an opposition to the motion on August 7, 2006, *id.* at E 235-85 (EMC's Opposition to Counter-Plaintiffs' Motion for New Trial), and the P.G. Circuit Court denied the motion on August 21, 2006, *id.* at E 286-87 (Order), finding that it lacked "substantial justification," *id.* at E 286.

Both Buonassissi and EMC moved for attorney's fees as an expense of the foreclosure sale.  *Id.* at E 288-340 (Affidavit of David S. Panzer, Esq. in Support of EMC's Attorney['s] Fees, with attachments, dated August 18, 2007), E 341-47 (Attorney's Fees Affidavit, with attachments, dated August 2, 2006), E 348-57 (Motion for Attorneys' Fees and Statement of Grounds and Authorities), and E 413 (Revised Supplemental Affidavit of David S. Panzer, Esq. in Support of EMC's Motion for Attorneys['] Fees, with attachments).  Kissi and Truvillon, by

---

[6]     The P.G. Circuit Court ultimately ratified the auditor's report.  *See* Record Extract at E 472 (Order of Ratification of Report of the Auditor dated March 21, 2007).

counsel, opposed the motions.  *Id.* at E 359-69 (Defendants' Opposition to Motion for Attorney's fees dated October 30, 2006).[7]

According to the auditor's report, the foreclosure sale yielded $310,000.  *Id.* at E 471 (Auditor's Account "A").  After deducting from the proceeds the expenses of the foreclosure sale, including the outstanding principal balance ($ 209,280.39) and awards of attorney's fees to the substitute trustees ($ 31,355.19) and to EMC ($ 92,616.17), the resulting deficit was $ 62,427.92.  *Id.* at E 471.

On February 8, 2007, by counsel, Kissi and Truvillon withdrew their motion for sanctions, *id.* at E 460 (Line Withdrawing Previously Filed Motion) and filed an amended counterclaim, alleging generally violations of Maryland and federal law regarding debt collection, *id.* at E 490-98.  On February 9, 2007, the P.G. Circuit Court held a hearing on the motions to dismiss the counterclaim and for attorney's fees, *see id.* at E 533 (Tr. 6:4-7), during which EMC's counsel orally moved to strike the amended counterclaim, *id.* (Tr. 6:12-19), based on its failure to comply with Maryland Rule 2-341(e), Opinion at 9.  The Circuit Court granted both the oral motion to strike the amended counterclaim, Record Extract at E 562 (Tr. 36:14-16), and the motions for attorney's fees, *see id.* at E 565-566 (Tr. 38:22-39:2) & E 567 (Tr. 40:2-4).  Additionally, Circuit Court entered a judgment in favor of EMC and against Kissi and Truvillon in the amount of $92,616.17, *id.* at E 517 (Judgment), and a separate judgment in favor of Buonassissi and against Kissi and Truvillon for $31,355.19, *id.* at E 514 (Judgment).

*B.  Appeal No. 499*

---

[7]     EMC filed a reply, *see* Record Extract at E 370-77 (Reply to Defendants' Opposition to Motion for Attorney['s] Fees) and a supplemental request for attorney's fees, *see id.* at E 379-459 (Supplemental Affidavit of David S. Panzer, Esq. in Support of EMC's Motion for Attorney['s] Fees, with attachments) on January 4, 2007.

Kissi and Truvillon appealed the final judgment to the Maryland Court of Special Appeals.  Relevant to this case are their arguments that the P.G. Circuit Court "failed to hold a hearing on [their] exceptions to the auditor's report and erred in overruling their exceptions," and that the Circuit Court "should not have entered deficiency judgments against [them] personally." Opinion at 4.  Kissi's and Truvillon's objections to the foreclosure sale in relevant part were:

> Defendants object to allowance of attorney's fees in the amount of $31,355.19 to the Plaintiff Trustee and $92,616.17 to the Plaintiff EMC.  The reasons for Defendants' opposition to allowance of fees in those amounts were previously stated in the opposition to the motion for award of such fees and at oral argument on that motion.  Defendants' previous objections to the award of such fees are incorporated by reference pursuant to Md. Rule 2-303(d).

*Id.* at 18.  The Court of Special Appeals found "it . . . an abuse of discretion for the [C]ircuit [C]ourt to ratify the auditor's report without considering appellants' . . . exception." *Id.* at 19. Further, the appellate court held that the Circuit Court "should have held a hearing on this exception because [Kissi and Truvillon] contemporaneously requested one." *Id.*  Therefore, the Court of Special Appeals vacated the Circuit Court's ratification of the auditor's report, and remanded the matter directing the P.G. Circuit Court to conduct a hearing on the exception.  *Id.* Additionally, the Court of Special Appeals agreed with Kissi and Truvillon "that the [C]ircuit [C]ourt should not have entered personal judgments against them for attorney's fees." *Id.* at.

### C. Civil Action No. 08-1796

In this action, Kissi alleged that EMC, Panzer and Buonassissi foreclosed on the Ammendale Road property through fraud and misrepresentation, and he demanded damages of $100 million.  *See generally* Compl. at 1.  The defendants filed motions to dismiss, which this Court granted on June 23, 2009, on the grounds that Kissi's claims were barred under the doctrines of res judicata and collateral estoppel.  *See Kissi*, 627 F. Supp. 2d at 34.  The ruling

was based on the fact that the defendants had demonstrated that the P.G. Circuit Court entered a

final judgment on the merits of the foreclosure case, a matter involving the same parties and the

same causes of action being pursued in this case. *Id.* at 33.  Further, the defendants had

demonstrated that the issues in this case are identical to the issues raised in the foreclosure case,

that the P.G. Circuit Court actually determined those issues and rendered a final judgment after

the plaintiff was afforded a full and fair opportunity to litigate them. *Id.* at 34.

## II.  DISCUSSION

### A.  *Claim Preclusion and Issue Preclusion*

Generally, a plaintiff is expected to "present in one suit all the claims for relief that

he may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake

Constr. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (quoting 1B J. Moore, *Moore's Federal

Practice*, ¶ 0.410[1] (1983)).  Under the doctrine of *res judicata* (claim preclusion), a final

judgment on the merits in a prior suit involving the same parties bars subsequent suits based on

the same cause of action. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979).

Parties are thus prevented from relitigating in a separate proceeding "any ground for relief which

they already have had an opportunity to litigate[,] even if they chose not to exploit that

opportunity," and regardless of the soundness of the earlier judgment. *Hardison v. Alexander*,

655 F.2d 1281, 1288 (D.C. Cir. 1981); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg.Co.*, 723

F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have

been litigated previously") (citation omitted).

Collateral estoppel (issue preclusion) bars the relitigation of issues previously tried and

decided in a court of competent jurisdiction involving the same parties. *See Ashe v. Swenson*,

397 U.S. 436, 443-44 (1970).  "The Supreme Court has defined issue preclusion to mean that

'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.'" *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  "It is well settled that the function of both doctrines is to avoid the expense and vexation of multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibilities of inconsistent decisions." *Wells Fargo Bank, N.A. v. Diamond Point Plaza Ltd. P'ship*, 971 A.2d 360, 365 (Md. 2009) (internal quotation marks and citation omitted).

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see O'Reilly v. Cnty. Bd. of Appeals for Montgomery Cnty., Md.*, 900 F.2d 789, 791 (4th Cir. 1990) ("[S]tate court judgments are given preclusive effect in subsequent [42 U.S.C. § 1983] actions brought in federal court.").  Under Maryland law, a claim is precluded when:

> (1) . . . the parties in the present litigation are the same or in privity with the parties to the earlier dispute; (2) . . . the claim presented in the current action is identical to the one determined in the prior adjudication; and, (3) . . . there has been a final judgment on the merits.

*Gonsalves v. Bingel*, 5 A.3d 768, 777 (Md. Ct. Spec. App. 2010) (citing *Anne Arundel Cnty. Bd. of Educ. v. Norville*, 887 A.2d 1029, 1037 (Md. 2005)) (other citations omitted); *see Strickland v. Carroll Cnty., Md.*, No. 11-0622, 2012 WL 401075, at *16 (D. Md. Feb. 7, 2012) ("In sum, plaintiff previously litigated in State court the claims lodged here against the State defendants. The parties, the claims, and the operative facts are all duplicative of the State proceedings. Having lost in State court, plaintiff is precluded from taking another bite at the apple in federal

court."). "When an issue of fact or law is actually litigated and determined by a valid and final judgment, . . . the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *R & D 2001, LLC v. Rice*, 938 A.2d 839, 849 (Md. Ct. Spec. App. 2008) (citing *Janes v. State*, 711 A.2d 1319, 1324 (Md. 1998)). "In applying this rule, [the Maryland courts] consider[]: 1) the identity of parties, 2) the actual litigation of an issue of fact or law, 3) the essentialness of the determination to the judgment and 4) the appealability of that determination by the party against whom the issue preclusion is being asserted." *Andrulonis v. Andrulonis*, 998 A.2d 898, 907 (Md. Ct. Spec. App. 2010) (citations and internal quotation marks omitted); *see Forkwar v. Empire Fire & Marine Ins. Co.*, No. 09-1543, 2010 WL 3733930, at *13 (D. Md. 2010), *aff'd*, __ F. App'x __, 20120 WL 2402564 (4th Cir. 2012).

There is no doubt that the doctrines of res judicata and collateral estoppel apply here. Without question, the parties to the foreclosure case are the same as the parties to this case. In both cases Kissi brought fraud claims arising from the foreclosure sale of the Ammendale Road property, and the P.G. Circuit Court has rendered a final judgment on the merits of the sale. The filing or pendency of Kissi's appeal to the Maryland Court of Special Appeals would not have relieved him of the preclusive effect of the P.G. Circuit Court judgment. *See Campbell v. Lake Hallowell Homeowners Ass'n,* 852 A.2d 1029, 1041 (Md. Ct. Spec. App. 2004) (holding "that the pendency of an appeal does not affect the finality of a judgment for res judicata purposes"); *see also Warwick Corp. v. Md. Dep't of Transp.*, 573 F. Supp. 1011, 1014 (D. Md. 1983) ("If a judgment was denied its *res judicata* effect merely because an appeal was pending, litigants would be able to refile an identical case in another trial court while the appeal is pending, which would hog-tie the trial courts with duplicative litigation."). Similarly, the same parties actually

11

litigated the issue of the propriety of the foreclosure sale; that determination was essential to the P.G. Circuit Court's judgment; and the judgment was appealable to, and indeed was appealed, to the Maryland Court of Special Appeals.

The question, then, is whether the partial remand in any way alters the preclusive effect of the P.G. Circuit Court decision. This Court concludes that it does not. The Maryland Court of Special Appeals' remand order does not disturb the portions of the P.G. Circuit Court's judgment as to the foreclosure sale itself. Resolution of Truvillon's and Kissi's exception to the auditor's report, particularly the awards of attorney's fees and the personal judgments against them, in no way affects the outcome of this case. Although the parties identify no controlling authority on this point, this Court is persuaded by the common sense approach taken in an analogous case by the United States District Court for the District of New Hampshire:

> The fact that a case is remanded for further proceedings does not automatically render res judicata attachment inapplicable. Absent unusual circumstances, a judgment affirmed is final for res judicata purposes as to those parts of the action no longer subject to litigation; that is, determination of a cause of action is final and binding as to matters affirmed by a court of appeals regardless that litigation might continue on some limited matters directly related thereto.

*Merrimack Street Garage, Inc. v. Gen. Motors Corp.*, 667 F. Supp. 41, 44 (D.N.H. 1987); *cf.*

*Proctor & Gamble Co. v. Haugen*, 158 F. Supp. 2d 1286, 1297 n.9 (D. Utah 2001) (agreeing with party's argument "that the fact that a case is remanded for further proceedings does not render *res judicata* inapplicable to unappealed portions of the judgment"). In this case, the underlying merits of the foreclosure case were decided by the P.G. Circuit Court, and it could not have made its ruling without first deciding that the foreclosure sale was proper and consistent with Maryland law. The remand order pertained only to Truvillon's and Kissi's exception to the auditor's report prepared after the foreclosure sale took place, the awards of attorney's fees to the

defendants, and the personal judgments against them.  It did not disturb the remaining portions of the P.G. Circuit Court's judgment as to the foreclosure sale itself.   The plaintiff's claims in this action -- fraud and misrepresentation with respect to the foreclosure sale -- are therefore precluded in their entirety, notwithstanding the remand order of the Maryland Court of Special Appeals.  *See Fed. Deposit Ins. Corp. v. Braemoor Assocs.*, No. 76-3295, 1985 WL 1919, at *6 n.3 (N.D. Ill. June 28, 1985) ("Therefore, where a trial court decision has been affirmed in part and reversed and remanded in part, that portion of the judgment that has been affirmed is considered final and binding."); *Mazaleski v. Harris*, 481 F. Supp. 696, 698 (D.D.C. 1979) (where original judgment was reversed in all respects except one, only the claim that was affirmed is entitled to res judicata effect).

## III.  CONCLUSION AND ORDER

For the reasons set forth above, the Court concludes that all the plaintiff's claims are precluded, notwithstanding the partial remand by the Maryland Court of Special Appeals to the Circuit Court of Prince George's County, Maryland.  The sole outstanding matter is a ruling on Kissi's "Third Motion For A Hearing For A Summary Judgment And To Have Defendants Sanctioned For Failure To Comply With Judge R.B. Walton's Order Of 9/24/2011," which is hereby DENIED based on the preclusive impact of the P.G. Circuit Court's ruling.

SO ORDERED.

Signed this 17th day of August 2012.

/s/
REGGIE B. WALTON
United States District Judge